Teresa C. Chow (237694)
Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310-820-8800
Facsimile:    310-820-8859
Email:        tchow@bakerlaw.com

Attorneys for Defendant and Counterclaimant
TULARE REGIONAL MEDICAL CENTER

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC., <br><br> Plaintiff, <br><br> v. <br><br> TULARE REGIONAL MEDICAL CENTER, <br><br> Defendant. | Case No: 1:15-cv-01136-GSA <br><br> **ANSWER AND COUNTERCLAIM OF TULARE REGIONAL MEDICAL CENTER** |

  Defendant and Counterclaimant Tulare Local Healthcare District, dba TULARE REGIONAL MEDICAL CENTER ("TRMC") answers the claims asserted by Plaintiff and Counterdefendant FIRSTSOURCE SOLUTIONS USA, LLC ("Firstsource," and together with TRMC, the "Parties") in its Complaint as follows:

**THE PARTIES**

  1. Answering Paragraph 1 of the Complaint, TRMC admits that Firstsource has provided business process management solutions to TRMC.  TRMC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and on that basis denies such allegations.

2. Answering Paragraph 2 of the Complaint, TRMC denies that it is a California corporation. TRMC admits the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, TRMC lacks sufficient information as to the truth of the allegation that complete diversity of citizenship exists between the Parties, and on that basis denies such allegation. TRMC admits the remaining allegations of Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, TRMC admits the allegations contained therein.

## THE FACTS

5. Answering Paragraph 5 of the Complaint, TRMC denies that the Agreement was formally amended from time to time with each amendment being signed by authorized representatives of the parties. TRMC admits the remaining allegations of Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, TRMC admits that it hired Firstsource to perform certain services as described in Exhibit A to the Agreement. TRMC denies the remaining allegations of Paragraph 6 to the extent that they are inconsistent with the foregoing admission.

7. Answering Paragraph 7 of the Complaint, TRMC denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, TRMC admits that Paragraph 2 of the Agreement states that Fees are to be paid to Firstsource for Services. TRMC denies the remaining allegations of Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, TRMC admits that Firstsource submitted invoices to TRMC on a monthly basis, and that the Agreement states that Fees

1  recorded on invoices are to be paid within 30 days.  TRMC denies the remaining allegations of
2  Paragraph 9 of the Complaint.

3        10.     Answering Paragraph 10 of the Complaint, TRMC admits that the Agreement
4  states that written notice of disputed invoices must be given, or else invoiced amounts shall be
5  deemed undisputed.  TRMC denies the remaining allegations of Paragraph 10 of the Complaint.

6        11.     Answering Paragraph 11 of the Complaint, TRMC denies the allegations contained
7  therein.

8        12.     Answering Paragraph 12 of the Complaint, TRMC admits the allegations
9  contained therein.

10       13.     Answering Paragraph 13 of the Complaint, TRMC denies that it stopped making
11 payments to Firstsource after the September 11, 2014 termination notice.

12       14.     Answering Paragraph 14 of the Complaint, TRMC denies that Firstsource's Fees
13 were "validly invoiced and charged" and that TRMC's refusal to pay the Fees was wrongful.
14 TRMC admits the remaining allegations of Paragraph 14 of the Complaint.

15       15.     Answering Paragraph 15 of the Complaint, TRMC admits that Paragraph 2 of the
16 Agreement states that invoices that are not disputed in writing are deemed undisputed.  TRMC
17 denies the remaining allegations of Paragraph 15 of the Complaint.

18       16.     Answering Paragraph 16 of the Complaint, TRMC lacks sufficient information as
19 to the truth of the allegation that Firstsource's counsel served a written demand in conformity
20 with Paragraph 14 of the Agreement upon TRMC on February 23, 2015, and on that basis denies
21 such allegations.

22       17.     Answering Paragraph 17 of the Complaint, TRMC admits that it had a call with
23 Firstsource, that it made one payment to Firstsource thereafter, and that no further payment
24 arrangements have been proposed by TRMC.  TRMC denies the remaining allegations contained
25 in Paragraph 17 of the Complaint.

26       18.     Answering Paragraph 18 of the Complaint, TRMC denies the allegations contained
27 therein.

607448922.2

## COUNT I.  BREACH OF CONTRACT

19. Answering Paragraph 19 of the Complaint, TRMC incorporates by reference its answers to Paragraphs 1 through 18 of the Complaint, above.

20. Answering Paragraph 20 of the Complaint, TRMC denies that it materially breached the agreement, that Firstsource has suffered any damage as a result, and that Firstsource is entitled to any compensatory damages, interest, attorneys' fees and/or costs.  TRMC admits the remaining allegations of Paragraph 20 of the Complaint.

## **AFFIRMATIVE DEFENSES**

In addition, TRMC alleges the following as separate and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and the purported cause of action therein, fails to state a claim against TRMC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Offset)

TRMC has suffered damage by reason of Firstsource's conduct, and has the right of offset if any amount of money is found to be owed to Firstsource by TRMC.

## THIRD AFFIRMATIVE DEFENSE

### (Anticipatory Repudiation)

TRMC is informed and believes and thereon alleges that Firstsource materially breached the Agreement alleged in the Complaint and that by reason of said breach, TRMC has been excused of any duties to perform obligations set forth by said Agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

TRMC is informed and believe and thereon alleges that Firstsource has engaged in conduct that constitutes a waiver of its rights under the Agreement alleged in the Complaint.  By

reason of such waiver, TRMC has been excused from further performance of its obligations under the Agreement.

### FIFTH AFFIRMATIVE DEFENSE
#### (Equitable Estoppel)

The Complaint, and the purported cause of action therein, is barred under the doctrine of equitable estoppel by reason of acts, omissions, representations, and courses of conduct by Firstsource, by which TRMC was led to rely to its detriment.

### SIXTH AFFIRMATIVE DEFENSE
#### (Conditions Precedent)

TRMC's performance of certain acts was contingent upon certain actions by Firstsource, which conditions precedent did not occur.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Failure of Consideration)

The Complaint, and the purported cause of action therein, is barred as a result of a failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Reservation of Future Defenses)

TRMC reserves its right to amend of supplement this Answer with additional affirmative defense prior to at the time of the trial of this matter.

### **COUNTERCLAIMS OF TRMC AGAINST FIRSTSOURCE SOLUTIONS USA, LLC**

Comes now Defendant and Counterclaimant TRMC, on behalf of itself and no others, and alleges as follows:

### THE PARTIES

1. TRMC is, and at all times relevant hereto was, a California Local Healthcare District located in Tulare, California. TRMC provides medical and healthcare services to its patient customers.

2. Upon information and belief, Plaintiff and Counterdefendant Firstsource is, and at all times relevant hereto was, a limited liability company formed under the laws of the State of Delaware. Firstsource is in the business of providing business process management solutions to organizations, including those in the healthcare industry, such as TRMC.

**JURISDICTION AND VENUE**

3. This Court has supplemental jurisdiction over the Parties with respect to TRMC's Counterclaim pursuant to Federal Rule of Civil Procedure 13(a), as the Counterclaim arises out of the transaction or occurrence that is the subject of Firstsource's Complaint. Additionally, upon information and belief, this Court has jurisdiction over the Parties' controversy as complete diversity exists between the Parties pursuant to 28 U.S.C. §1332, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the claims set forth in this Counterclaim arose within the district.

**FACTUAL BACKGROUND**

5. On or about November 18, 2010, the Parties entered into the Agreement, which is a valid and binding written contract.

6. Pursuant to Exhibit A of the Agreement, Firstsource agreed to provide TRMC with, among other things, revenue cycle and patient financial services, such as accounts receivables management and third party recovery (collectively, the "Services"). In other words, Firstsource was responsible for, among other things, collecting TRMC's accounts receivable.

7. Paragraph 1 of the Agreement required Firstsource to perform the Services "in a manner that conforms to its standard operating procedures for such service and is consistent with the standards within its industry for the provision of such services."

8. Exhibit A of the Agreement required Firstsource to use "commercially reasonable efforts to bring accounts to final resolution."

9. Exhibit A of the Agreement further required Firstsource to ensure that "[a]n experienced project manager will be located on-site at the hospital and oversee and direct the

project." The presence of an on-site manager to provide guidance to Firstsource's staff was critical to the effective performance of the Services.

10. Exhibit A of the Agreement also required Firstsource to provide TRMC with "a comprehensive dashboard report, as well as a standard series of reports, that ensure timely communication." Additionally, Exhibit A stated that "Key Performance Indicators (KPI) for each area will be identified and recommended for implementation."

11. Paragraph 2 of the Agreement contains a unilateral attorneys' fee provision in favor of Firstsource, which as a matter of law must be read reciprocally as authorizing the award of attorneys' fees to whichever of the Parties prevails in the above-captioned action.

12. On or about September 11, 2014, TRMC gave notice of termination of the Agreement pursuant to Paragraph 7.B. of the Agreement (the "Termination"). The Parties mutually agreed that May 31, 2015 would be Firstsource's last day of work on TRMC's accounts.

13. Prior to the Termination, Firstsource materially breached the Agreement and failed to perform the Services consistent with its own purported standards and the standards of the revenue cycle industry generally as follows.

14. Firstsource failed to collect $6,500,000 to $7,000,000 of cash receipts from TRMC's accounts, resulting in the permanent loss of such revenue by TRMC.

15. Firstsource failed to provide an experienced project manager (or any project manager at all) on-site at TRMC during critical periods of time.

16. Firstsource failed to develop daily reports communicating its performance of the Services and key performance indicators as required by the Agreement.

17. In contrast (and consistent with industry standards), the revenue cycle vendor that replaced Firstsource has placed a qualified permanent revue cycle director on-site at TRMC since prior to its contract start date, and maintains an ongoing visible presence, including conducting regular on-site reviews with TRMC administration.

18. TRMC's new revenue cycle vendor utilizes extensive analytics to report key performance indicators on a daily basis, has reduced billed accounts receivable aged greater than

1    90 days by 8.4%, and reduced total accounts receivable aged greater than 90 days by10.8%, as
2    compared to Firstsource's substandard performance.

### COUNT I.  BREACH OF CONTRACT

19. TRMC incorporates by reference all the allegations of Paragraphs 1 - 18 above.

20. The Agreement is a valid an binding contract, which Firstsource materially breached.

21. TRMC performed all of its obligations under the Agreement, such that Firstsource was required to perform the Services that would have avoided TRMC's damages.

22. As a result of Firstsource's material breaches of the Agreement, TRMC has incurred damages of no less than $6,500,000.

### PRAYER FOR RELIEF

WHEREFORE, TRMC prays for relief as follows:

1. That Firstsource take nothing by way of its Complaint and that the Court dismiss the Complaint with prejudice;

2. That the Court enter Judgment in favor of TRMC and against Firstsource on TRMC's Counterclaim;

3. That the Court award TRMC compensatory damages in an amount according to proof at trial, but in no case less than the jurisdictional limit of this Court;

4. For costs of suit and attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated:    October 13, 2015             Respectfully submitted,


                                        BAKER & HOSTETLER LLP

                                        By:    */s/ Teresa C. Chow*
                                               Teresa C. Chow

                                        Attorneys for Defendant and Counterclaimant
                                        TULARE REGIONAL MEDICAL CENTER

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF ELECTRONIC SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025. On October 13, 2015, I served the foregoing document(s) described as:

**ANSWER AND COUNTERCLAIM
OF TULARE REGIONAL MEDICAL CENTER**

**[X]  BY ELECTRONIC SERVICE/CM-ECF:  I caused the foregoing document to be electronically served via CM/ECF for the United States District Court, Eastern District of California upon all parties listed on the court docket for this case.**

I declare under penalty pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 13, 2015, in Los Angeles, California.

/s/ Marisa Barber
Marisa Barber

Baker & Hostetler LLP
Attorneys at Law
Los Angeles