UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>TULARE REGIONAL MEDICAL CENTER,<br><br>              Defendant. | No. 1:15-cv-01136-DAD-EPG<br><br>AMENDED ORDER GRANTING EX PARTE APPLICATION TO CONTINUE ALL DEADLINES AND TRIAL[1]<br><br>(Doc. No. 35) |

Before the court is defendant Tulare Regional Medical Center's ("TRMC") ex parte application to continue all deadlines and trial by forty-five days. (Doc. No. 35.) TRMC argues that in June 2016, plaintiff Firstsource Solutions USA, LLC ("Firstsource") propounded discovery requests seeking production of all documents relating to every hospital-patient transaction for which Firstsource failed to collect. (*Id.* at 4.) The task of obtaining and producing these documents, TRMC argues, has required TRMC to retain two consultants to locate, analyze, and export the data, and that task could not be completed by the non-expert discovery cut-off of September 22, 2016. (*Id.* at 2.)

---

[1] Due to an inadvertent error in the heading of the order filed October 21, 2016, making erroneous reference to the denial of plaintiff's pending motion for summary judgment without prejudice, this amended order supersedes the court's prior order for all purposes. *See* fn. 2, below.

1

1    In opposition, plaintiff contends that TRMC initially produced thirty-two pages of
2    documents in response to plaintiff's request, and "never told Firstsource that it had more
3    documents it was not producing." (Doc. No. 36 at 2.)  In a supplemental brief, plaintiff states that
4    on the night of September 22, 2016, the discovery cut-off date, defendant produced files totaling
5    584 megabytes purportedly containing data relating to patient transactions during the relevant
6    time period. (Doc. No. 37 at 2.)  Defendant's counsel stated that "[t]he data produced is over-
7    inclusive because TRMC's second consultant has not yet had time to sync and analyze the
8    data . . . . We will provide additional information once the second consultant has completed his
9    work." (*Id.*)  Plaintiff Firstsource argues that such a production imposes an unnecessary burden
10   on it, and that TRMC should be barred from relying on any of the information in this production
11   at trial. (*Id.* at 3.)  On October 18, 2016, plaintiff filed a motion for summary judgment. (Doc.
12   No. 40.)
13   District courts have the authority to modify a scheduling order for good cause. Fed. R.
14   Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party
15   seeking the amendment." *See Johnson v. Mammoth Re-creations*, 975 F.2d 604, 608 (9th Cir.
16   1992).  In this regard, the court may modify a scheduling order deadline "if it cannot reasonably
17   be met despite the diligence of the party seeking the extension." *Id.*; *see also Zivkovich v.*
18   *Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the
19   modification 'was not diligent, the inquiry should end' and the motion to modify should not be
20   granted.").  Having considered the parties' briefs, the court finds good cause to grant defendant's
21   ex parte application to modify the scheduling order in this case.  Defendant TRMC has
22   demonstrated that it has been diligent in identifying and exporting data responsive to plaintiff's
23   request and appears to have made its best effort at producing such data prior to the scheduled
24   close of discovery.  Moreover, to the extent plaintiff argues TRMC previously failed to identify
25   these documents pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff
26   has not shown that these documents must be excluded.  Parties have an ongoing duty to
27   supplement or correct their disclosures "in a timely manner" throughout the litigation. Fed. R.
28   Civ. P. 26(e)(1).  Thus, the court finds that a modest continuance sought by defendant is

appropriate and should provide defendant adequate time to complete its production in a reasonable manner.

For the reasons set forth above, the court finds good cause to grant defendant's ex parte application (Doc. No. 35). Accordingly,

1. The non-expert discovery cut-off in this action is continued from September 22, 2016 to **November 6, 2016**;
2. The date of disclosure of expert witnesses and production of expert witness reports is continued from September 30, 2016 to **November 14, 2016**;
3. The date of supplemental disclosure of expert witnesses and production of supplemental expert witness reports is continued from October 27, 2016 to **December 12, 2016**;
4. The expert discovery cut-off is continued from November 18, 2016 to **January 2, 2017**;
5. The dispositive motion hearing cutoff is continued from January 3, 2017 to **February 17, 2017**;
6. The final pretrial conference is continued from February 27, 2017 to **April 17, 2017, at 2:30 p.m.**; and
7. The trial is continued from April 25, 2017 to **June 13, 2017, at 8:30 a.m.**[2]

IT IS SO ORDERED.

Dated:   **November 1, 2016**                    _____
                                                  UNITED STATES DISTRICT JUDGE

---

[2] In light of this order it may well be that plaintiff Firstsource's recently filed motion for summary judgment (Doc. No. 40), should be denied without prejudice to its refiling after the close of non-expert discovery. At the very least, it may be that the motion should be continued for hearing so that opposition to it may be filed following the newly established close of discovery date. The parties are directed to confer and, if possible, submit a stipulation and proposed order to the court with respect to the hearing of that pending motion or otherwise advise the court of their respective positions with respect to that issue.