UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>TULARE REGIONAL MEDICAL CENTER,<br><br>            Defendant.<br><br>TULARE REGIONAL MEDICAL CENTER,<br><br>            Counterclaimant,<br><br>     v.<br><br>FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>            Counter-defendant. | No. 1:15-cv-01136-DAD-EPG<br><br>ORDER DIRECTING BOTH PARTIES TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

This suit commenced in this court by way of a complaint filed on July 21, 2015. (Doc. No. 1.) Jurisdiction is alleged on the basis of diversity under 28 U.S.C. § 1332. (*Id.* at ¶ 3.)[1] The complaint alleged that plaintiff Firstsource Solutions USA, LLC, is a Delaware limited liability

---

[1] The court has under submission for decision Firstsource's motions for summary judgment and for sanctions against Tulare Regional Medical Center for failing to produce discovery. In drafting its order addressing those pending motions, the court became aware of the jurisdictional issue raised herein.

1

company, with its principal place of business in Louisville, Kentucky.  (*Id.* at ¶ 1.)  It alleged defendant Tulare Regional Medical Center was a California corporation with its principal place of business in  Tulare, California.  (*Id.* at ¶ 2.)  Defendant answered the complaint on October 13, 2015, and denied it was a California corporation.  (Doc. No. 6 at 2.)  In that same filing, defendant Tulare Regional Medical Center alleged counterclaims against plaintiff, and alleged that it was a "California Local Healthcare District."  (*Id.* at 5.)  With respect to its citizenship, both parties have represented plaintiff Firstsource to be a Delaware limited liability company with its principal place of business in Louisville, Kentucky.  (*Id.* at 6; Doc. No. 42 at 1–2.)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial).  A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Only corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

The parties have not identified who the members or owners of plaintiff Firstsource Solutions USA, LLC are, and therefore, the court cannot determine the citizenship of the parties.  Without this information, the court cannot confirm it has diversity jurisdiction over this civil action.  Therefore, plaintiff Firstsource is ordered to show cause **within ten (10) days of service of this order** why this case should not be dismissed due to a lack of jurisdiction.  Plaintiff may discharge this order by identifying its members or owners and their citizenship.  Should any of the members of plaintiff themselves be non-corporate entities, plaintiff is reminded that it must identify that entity's members and their citizenship.  *See Tschakert v. Hart Energy Pub., LLP*, No.

2

10CV2598-L (WMC), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011) ("Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."); *see also Crescent Silver LLC v. New Jersey Mining Co.*, No. 2:15-cv-00097-REB, 2015 WL 6958059, at *2–3 (D. Idaho Nov. 10, 2015); *Century Surety Co. v. Bruno India Kettner, LLC*, No. 14CV2090 BEN (BLM), 2015 WL 12660420, at *1 (S.D. Cal. July 24, 2015) ("A plaintiff must identify the citizenship of all of the members of an LLC and if any member of an LLC is itself an LLC or other non-corporate entity, a plaintiff must state the citizenship of that member.").

In addition, the court observes that the citizenship of defendant Tulare Regional Medical Center has also not been adequately established for purposes of this court's diversity jurisdiction. Defendant identifies itself as a "California Local Healthcare District." (Doc. No. 6 at 5.) The precise nature of this entity is unclear. In this regard, an agency or arm of a state has no "citizenship" under § 1332, and since it not a citizen of any state, claims by or against it cannot be brought under diversity jurisdiction. *Am. Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1097 (9th Cir. 2002); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381–82 (9th Cir. 1988); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) ("[S]tates are not 'citizens' within the meaning of 28 U.S.C. § 1332."); *Agullard v. Principal Life Ins. Co.*, 685 F. Supp. 2d 947, 952 (D. Ariz. 2010); *Ariz. ex rel. Goddard*, No. CV-09-1596-PHX-GMS, 2009 WL 4826999, at *1 (D. Ariz. Dec. 15, 2009) ("[A]n agency of the state, acting as an arm of the state, is similarly not subject to federal diversity jurisdiction."); *M-K Eng'g Co., Inc. v. Alaska Power Auth.*, 662 F. Supp. 303, 306–08 (D. Alaska 1986) (concluding Alaska Power Authority was an arm of the state and therefore not subject to diversity jurisdiction). However, "a political subdivision of a State," such as a county, is a citizen of the state for diversity purposes "unless it is simply 'the arm or alter ego of the State.'" *Moor v. Alameda*, 411 U.S. 693, 717 (1973); *Naffe v. Frey*, 789 F.3d 1030, 1039 n.4 (9th Cir. 2015); *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 n.1 (9th Cir. 1998). Whether a particular entity is an arm of the state looks to such characteristics as whether a judgment against the entity would

"impact the state treasury," the entity's ability to sue and be sued, whether it may take property in its own name, and whether it has corporate status. *Jackson v. Hayakawa*, 682 F.2d 1344, 1349–50 (9th Cir. 1982); *see also Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 382 (9th Cir. 1993) (concluding Alaska Railroad Corporation was an arm of the state for Eleventh Amendment purposes[2]); *Mitchell v. Los Angeles Comm. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (concluding California state colleges and universities are arms of the state for Eleventh Amendment purposes).  Defendant is therefore ordered to show cause **within ten (10) days of service of this order** why this case should not be dismissed for lack of jurisdiction by presenting authority that establishes the citizenship of a California Local Healthcare District for purposes of 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated:   **September 11, 2017**                              *[signature: Dale A. Drozd]*
                                                                                UNITED STATES DISTRICT JUDGE

---

[2] The analysis of whether a government body is an arm of the state for Eleventh Amendment purposes mirrors the same question for diversity jurisdiction purposes, save that a state agency may waive immunity but may not create diversity jurisdiction through waiver. *See Befitel v. Global Horizons, Inc.*, 461 F. Supp. 2d 1218, 1221–22 (D. Haw. 2006).