Quarles & Brady LLP
Emily M. Feinstein, WI Bar No. 1037924
Emily.Feinstein@quarles.com
33 E. Main St.,
Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Facsimile: 608.294.4912

Patrick J. Proctor-Brown, WI Bar No. 1091326
Patrick.Proctor-Brown@quarles.com
411 East Wisconsin Avenue
Suite 2400
Milwaukee, WI 53202
Telephone: 414.277.5611
Facsimile: 414.978.8906

Attorneys for Plaintiff
Firstsource Solutions, USA, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TULARE REGIONAL MEDICAL CENTER, <br><br> Defendant. | Case No. 1:15-cv-01136-DAD-EPG <br> [JUDGE DALE A. DROZD] <br><br><br> Action Filed: July 21, 2015 <br> Trial Date: None Set. |

**FIRSTSOURCE'S RESPONSE TO
ORDER TO SHOW CAUSE**

Plaintiff FIRSTSOURCE SOLUTIONS USA, LLC ("Firstsource"), by and through its attorneys, responds as directed by the Court's September 12, 2017 Order Directing Both Parties to Show Why This Case Should Not Be Dismissed for Lack of Jurisdiction [Doc. No. 77], as follows:

QUARLES & BRADY LLP
ATTORNEYS AT LAW
MILWAUKEE

QB\48140773.3

FIRSTSOURCE'S RESPONSE TO
ORDER TO SHOW CAUSE
1:15-CV-01136-DAD-EPG

1.  Firstsource is a Delaware limited liability company with its principal place of business at 1661 Lyndon Farm Court, Louisville, KY 40223. (Compl., Doc. No. 1, ¶ 1.)

2.  MedAssist Holding, LLC ("MedAssist Holding") is the sole member—and sole owner—of Firstsource. (*See* Firstource's Rule 7.1 Disclosure Statement, Doc. No. 2.) MedAssist Holding is a Delaware limited liability company with its principal place of business at 1661 Lyndon Farm Court, Louisville, KY 40223. (*See* Doc. No. 2.)

3.  Firstsource Group USA, Inc. ("Firstsource Group"), is the sole member—and sole owner—of MedAssist Holding and is a Delaware corporation with its principal place of business at 1661 Lyndon Farm Court, Louisville, KY 40223. (*See* Doc. No. 2.)

4.  As a result, Firstsource, MedAssist Holding, and Firstsource Group are all considered citizens of both Delaware, where they are incorporated, and Kentucky, where they have their principal places of business, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

5.  Defendant TULARE REGIONAL MEDICAL CENTER ("TRMC") is "a California Local Healthcare [sic] District." (Doc. No. 6, Counterclaim, ¶ 1, 5:25–27.)

6.  Under California law, Local Health Care Districts are formed and operate under the provisions of the California Local Health Care District Law, codified at Division 23 of the California Health and Safety Code, sections 32000–32313.

7.  Local Health Care Districts are bodies politic, independent from the State of California. *See Moor v. Alameda County*, 411 U.S. 693, 720 (1973); *see also Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 785, fn.11 (9th Cir. 2005) ("[U]nder the California Government Code, a 'district' is included

in the definition of a 'local public entity,' and a 'local public entity' is specifically distinguished from 'the State.'") (*citing Moor*).

8. Like counties, Local Health Care Districts are independent corporate bodies which can exercise powers defined or implied by statute. Cal. Health & Safety Code § 32001 (Local Health Care Districts "may be organized, incorporated and managed, as provided in this division and may exercise powers herein granted or necessarily implied"); *accord* Cal. Gov. Code § 23003 ("A county is a body corporate and politic, has the powers specified in this title and such others necessarily implied from those expressed."); *see also Moor*, at 719. As such, TRMC is a *local* public entity. Cal. Gov. Code § 940.4; *Moor* at 719. TRMC can also sue or be sued, and sell, hold, or otherwise deal in property. Cal. Health & Safety Code §§ 32121 (b), (c); *Moor* at 719. TRMC may also issue bonds, which it may levy taxes to pay back. Cal. Health & Safety Code, at §§ 32300–32314; *Moor* at 719.

9. The provisions of the California Government Claims Act, Cal. Gov. Code § 800 *et seq.* (the "GCA"), further demonstrate that TRMC is independent from the State of California. Under the GCA, state agencies automatically qualify for limitations on their liability. Local public entities—like TRMC—however, must register with the State to maintain their protected status.

10. Under a provision referenced in the GCA, Cal. Gov. Code § 53051, public agencies other than the State, counties, and cities, must maintain an accurate filing with the California Secretary of State, and the clerks of the counties in which they maintain offices, of the details of the governing body. Cal. Gov. Code §§ 53051 (a), (b).

11. If the local public entity fails to maintain an accurate filing with the California Secretary of State, it loses the protections of the GCA. Cal. Gov. Code § 946.4. It is undisputed that "Tulare Regional Medical Center" is an undisclosed doing-business-as name of the Tulare Local Health Care District, and that TRMC

QUARLES & BRADY LLP
ATTORNEYS AT LAW
MILWAUKEE

QB\48140773.3                         -3-                    FIRSTSOURCE'S RESPONSE TO
                                                             ORDER TO SHOW CAUSE
                                                             1:15-CV-01136-DAD-EPG

has failed to maintain an accurate statement of facts with the California Secretary of State and the Clerk of Tulare County. (*See* Doc. No. 62, Undisputed Material Facts Nos. 2–5, pp. 2:20–26.)

12. Accordingly, both parties are citizens of diverse states.

13. Finally, if this Court finds any additional questions as to the parties' jurisdictional allegations, those problems are not fatal to this case. *NewGen, LLC v. Safe Cig., LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Defective jurisdictional allegations are not fatal[.]"). Should this Court need any additional information, Firstsource respectfully requests the opportunity to amend its complaint under 28 U.S.C. § 1653. *See id.*, at 613 ("The intent of [28 U.S.C. § 1653] is to avoid the needless expenditure of judicial resources … if it is at all possible to determine from the record that jurisdiction does in fact exist.").

Dated: September 22, 2017.                    Quarles & Brady LLP


By: /s/ *Emily M. Feinstein*
Emily M. Feinstein
WI SBN: 1037924
QUARLES & BRADY LLP
33 E. Main St., Ste 900
Madison, WI 53703
Phone: (608) 251-5000

Patrick J. Proctor-Brown
WI SBN: 1091326
QUARLES & BRADY LLP
411 E. Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Phone: (414) 277-5611

*Attorneys for Plaintiff,
Firstsource Solutions, USA, LLC*

QUARLES & BRADY LLP
ATTORNEYS AT LAW
MILWAUKEE

QB\48140773.3                    -4-                    FIRSTSOURCE'S RESPONSE TO
                                                        ORDER TO SHOW CAUSE
                                                        1:15-CV-01136-DAD-EPG

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing on all counsel of record via the Court's CM/ECF system.

Date:   September 22, 2017.

/s/ *Patrick J. Proctor-Brown*

QUARLES & BRADY LLP
ATTORNEYS AT LAW
MILWAUKEE

QB\48140773.3

CERTIFICATE OF SERVICE
1:15-CV-01136-DAD-EPG