UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　　Defendant. | No. 1:15-cv-01136-DAD-EPG<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. No. 77) |
| TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　　Counter-claimant,<br><br>　　v.<br><br>FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>　　　　　Counter-defendant. | |

On September 12, 2017, this court ordered both parties to show cause why this case should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332. (Doc. No. 77.) Plaintiff and counter-defendant Firstsource responded on September 22, 2017, providing clarification of its citizenship and the citizenship of defendant and counter-claimant Tulare Regional Medical Center

1

(TRMC).  (Doc. No. 78.)  Defendant also filed a response on September 22, 2017, asserting for the first time that this court lacked jurisdiction over both the original claim and its counter-claim.  (Doc. No. 79.)  Plaintiff filed a reply to defendant's response to the show cause order on September 29, 2017.  (Doc. No. 80.)  Having heard from both parties, the order to show cause is hereby discharged.  For the reasons set forth below, the court concludes it has jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting that objections to subject matter jurisdiction may be raised post-trial).  Federal district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

The parties do not dispute this action involves a controversy of more than $75,000 in value.  Plaintiff, which is an LLC, indicates its sole member and sole owner is MedAssist Holding, LLC.  (Doc. No. 78 at 2.)  The sole member and owner of MedAssist Holding is Firstsource Group USA, Inc., which is a Delaware corporation with its principal place of business in Louisville, Kentucky.  (*Id.*)  Therefore, plaintiff is a citizen of Delaware and Kentucky for the purposes of determining diversity jurisdiction.

/////

2

The dispute here is over the citizenship of defendant. Defendant is a "Local Health Care District," an unincorporated entity formed under a California statute. (*See* Doc. No. 79 at 6.) Defendant asserts it should be treated as an arm of the state, and therefore not subject to diversity citizenship. (*Id.*) Plaintiff disagrees and is correct in doing so. (Doc. No. 80.)

While the states themselves are not citizens for the purposes of diversity jurisdiction, a state's political subdivisions are, "unless it is simply 'the arm or alter ego of the State.'" *Moor v. Alameda Cty.*, 411 U.S. 693, 718 (1973) (quoting *State Highway Comm'n of Wyo. v. Utah Constr. Co.*, 278 U.S. 194, 1999 (1929)); *see also Naffe v. Frey*, 789 F.3d 1030, 1039 n.4 (9th Cir. 2015); *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 n.1 (9th Cir. 1998). The Ninth Circuit has identified five factors to consider in determining whether an entity is an arm of the state, and therefore not subject to diversity jurisdiction. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 380 (9th Cir. 1993). These are

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Id.* (quoting *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)); *see also Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 778 (9th Cir. 2005).[1]

"The most critical factor . . . is whether a judgment would impact the state treasury." *Alaska Cargo Transp., Inc.*, 5 F.3d at 380; *see also Aguon v. C'wealth Ports Auth.*, 316 F.3d 899, 902 (9th Cir. 2003). "[T]his first factor does not focus on whether a possible judgment against the entity would 'impact the state treasury,'" but rather whether the state "will be *legally* required to satisfy any monetary judgment against" the defendant. *Holz v. Nenana City Public Sch. Dist.*,

---

[1] As indicated in the court's order to show cause, the analysis of whether a government body is an arm of the state for Eleventh Amendment purposes mirrors the same question for diversity jurisdiction purposes, save that a state agency may waive immunity but may not create diversity jurisdiction through waiver. *See Befitel v. Global Horizons, Inc.*, 461 F. Supp. 2d 1218, 1221–22 (D. Haw. 2006); *cf. Beentjes*, 397 F.3d at 785 n.11 (citing *Moor*). Plaintiff's protestations to the contrary are unavailing. (Doc. No. 80 at 4, 7.) The fundamental inquiry for both tests is whether a subdivision of the state should be treated as an arm of the state. *See Moor*, 411 U.S. at 718 (diversity jurisdiction); *Alaska Cargo Transp., Inc.*, 5 F.3d at 380 (Eleventh Amendment immunity).

347 F.3d 1176, 1182 (9th Cir. 2003) (quoting *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1142 (9th Cir. 2002). Defendant essentially concedes that any money judgment entered here would not be satisfied out of state funds. Instead, defendant points to the decision in *Alaska Cargo* where the court noted that this factor should not be considered independently of the second factor set out above. (Doc. No. 79 at 13–14.) Notably, however, California law provides that each healthcare district may sue and be sued in its own name. Cal. Health & Safety Code § 32492 (incorporating elements of California Government Code, including Government Code § 945). This critical factor therefore weighs in favor of concluding that defendant TRMC is not an arm of the state.

Even if the state would not be *directly* liable for a money judgment here, the Ninth Circuit has instructed courts to look to whether "the state is nonetheless the 'real, substantial party in interest.'" *Alaska Cargo Transp., Inc.*, 5 F.3d at 380 (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991)). Thus, entities that are a "unique and essential fixture in the lives of thousands of widely dispersed" state residents, such as Alaska's state-run railway system, have been found to be arms of the state. *Id.* at 380–81 (noting that if the railroad needed additional funding and turned to the legislature, as required by statute, "the legislature would *have to* respond favorably so that the 'essential' transportation function would continue to be performed") (emphasis added). Similarly, the Commonwealth Ports Authority of the Northern Mariana Islands was found to render a central governmental function. *Aguon*, 316 F.3d at 902–03. On the other hand, school districts in Nevada and Alaska have been found not to serve a "state-wide or central governmental function." *Eason*, 303 F.3d at 1142; *see also Holz*, 347 F.3d at 1182–83 ("neither Alaska nor Nevada's school funding is 'commingled in a single fund under state control'") (quoting *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 252 (9th Cir. 1992)). Similarly, it has been concluded that Cal Expo, which is "primarily involved in organizing state fairs and expositions," is not an arm of the state even though it cannot initiate litigation independently from the state. *See ITSI T.V. Prods., Inc. v. Agric. Ass'ns.*, 3 F.3d 1289, 1293 (9th Cir. 1993). Finally, and perhaps most on point in addressing the issue pending before this court, the Ninth Circuit has held that Air Pollution Control Districts in California are not arms

/////

of the state, for while they implement state and national standards, they have a "decentralized structure" and a substantial amount of autonomy. *Beentjes*, 397 F.3d at 782–83.

Defendant's argument that TRMC and its management "is a matter of statewide, rather than local, concern" is unpersuasive. (Doc. No. 79.) While the state may have a general interest in managing Local Health Care districts, they are inherently decentralized. *See* Health & Safety Code § 32001 (permitting organization of local districts); Health & Safety Code §§ 32100 *et seq.* (discussing general election and organization of the board of directors for each district); *id.* § 32121 (discussing powers of "each" Local Health Care District). Local Health Care Districts do not involve the sort of state-wide organization or infrastructure noted in cases in which an entity has been found to be an "arm of the state." *See Beentjes*, 397 F.3d at 782–83; *cf. Holz*, 347 F.3d at 1182–83; *Aguon*, 316 F.3d at 902–03; *Eason*, 303 F.3d at 1142; *Alaska Cargo Transp., Inc.*, 5 F.3d at 380. Therefore, consideration of the second factor under the test set out by the Ninth Circuit in *Alaska Cargo Transp., Inc.* weighs in favor of finding defendant is not an arm of the state.

Consideration of the remaining three factors does not change this analysis or ultimately lead to a conclusion that defendant TRMC is not an arm of the state of California for diversity purposes. As indicated, defendant may sue or be sued in its own name. Cal. Health & Safety Code §§ 32121(b), 32492; Cal. Gov't Code 945. Additionally, defendant may purchase, own, and hold property in its own name. Cal. Health & Safety Code § 32121(c). Finally, while a Local Health Care District may be a corporate entity, it is unclear whether it must be incorporated. *See* Cal. Health & Safety Code § 32001 ("A local hospital district *may* be . . . incorporated . . . as provided in this division.") (emphasis added). While having unincorporated status might weigh slightly in favor of finding it to be an arm of the state, *see Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017); *Holz*, 347 F.3d at 1188, this fact alone cannot outweigh the other four factors, all of which favor the conclusion that defendant TRMC is a political subdivision subject to diversity jurisdiction and not an arm of the state.

/////

/////

1  Having concluded defendant is a citizen of California, and not an arm of the state, the court finds that the parties are fully diverse and it retains jurisdiction over this case under 28 U.S.C. § 1332. The order to show cause (Doc. No. 77) is therefore discharged.

IT IS SO ORDERED.

Dated: **October 3, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE