UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE REGIONAL MEDICAL CENTER,<br><br>    Defendant. | No. 1:15-cv-01136-DAD-EPG<br><br>ORDER STAYING CASE |
| TULARE REGIONAL MEDICAL CENTER,<br><br>    Counter-claimant,<br><br>    v.<br><br>FIRSTSOURCE SOLUTIONS USA, LLC,<br><br>    Counter-defendant. | |

On October 4, 2017, defendant filed a notice of automatic stay of the proceeding, noting defendant Tulare Regional Medical Center had filed for Chapter 9 bankruptcy. (Doc. No. 83.) Two different statutes provide automatic stays of any judicial action when a debtor files a Chapter 9 bankruptcy proceeding. *See* 11 U.S.C. § 922 (noting judicial actions under Chapter 9 are stayed

1

"in addition to the stay provided by" 11 U.S.C. § 362). "The automatic stay of 11 U.S.C. § 362(a)(1) prevents the 'commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced before the commencement' of the bankruptcy case." *Lewis v. Russell*, No. CIV. S–03–2646 WBS KJM, 2009 WL 1260290, at *1 (E.D. Cal. May 7, 2009) (quoting *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995)). "By halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal quotation marks and citations omitted). "Because of the importance of the automatic stay, 'actions taken in violation of the automatic stay are void.'" *Lewis*, 2009 WL 1260290, at *1 (quoting *In re Gruntz*, 202 F.3d at 1082). In this regard, "the case law in this Circuit establishes that, following an automatic stay, a court may not rule on issues that require the court to consider the possible liability of the debtor in the underlying case." *Lewis*, 2009 WL 1260290, at *2 (citing *Dean*, 72 F.3d at 756–57); *cf. Zimmer v. Nawabi*, No. CIV. 07–00016 WBS KJM, 2008 WL 618965, at *1 (E.D. Cal. Mar.4, 2008) ("The automatic stay precludes this court from taking any action that may detrimentally affect [the bankrupt defendant's] rights.").

Therefore, notice of the bankruptcy proceeding having been filed, this matter is hereby stayed. Defendant is directed to file status reports every 90 days following service of this order, apprising the court of the status of the bankruptcy proceedings. Additionally, defendant shall notify this court within ten (10) days of any event in the bankruptcy proceedings which might warrant lifting this stay.

IT IS SO ORDERED.

Dated: **October 11, 2017**

UNITED STATES DISTRICT JUDGE